# THE INHABITANTS OF LIMERICK, *Petitioners for a certiorari.*

The *st.* 1821, *c.* 118, does not require that the doings of the selectmen in laying out a town or private way should be recorded previous to being offered to the town for acceptance, and therefore they cannot properly become a matter of record until they are approved by the town or, on an appeal, by the county commissioners.

A statement in the record of the proceedings, that notice was given by the selectmen before they proceeded to act, is *prima facie* evidence of the fact.

All which the statute requires, as evidence that a road laid out by the selectmen is for the benefit of the town or of an individual, is, that it be approved and allowed by the town in a legal meeting called for the purpose of acting upon it, or by the county commissioners on appeal.

The selectmen, therefore, are not required to state in their report to the town, that the way will be beneficial to the town or to some one or more of its inhabitants.

A road laid out by the selectmen is still a town or private way, when brought before the commissioners by an appeal from the action of the town; and they are required to pass such judgment only as the town should have done.

When a defect in a record is occasioned by an omission of the court to render the proper judgment, or to come to a conclusion upon the whole matter embraced in the cause, such defect, arising out of an incorrect, or a want of judicial action, cannot be amended after the session has closed, and the cause is no longer *sub judice.*

But if the court have performed its whole duty correctly, and the recording officer has erred in making up a proper or full record, the court may in its discretion cause the record at any time to be amended or corrected, so as to have it declare the whole truth.

Each court must necessarily be the judge of what it has decided and adjudged; and when it orders an amendment of the record, the presumption of other courts must necessarily be, that it does not undertake to order its clerk to record what it never had decided.

But usually a court cannot order its clerk, after the close of a session, to enlarge the record so as to embrace any matter, which did not appear from the documents, or minutes of the Court or clerk, to have been decided.

THE causes of error set forth in the petition for a certiorari to quash the proceedings of the county commissioners, and the facts in the case pertinent to the legal questions arising at the hearing, are found in the opinion of this Court.

*Howard* and *M. McDonald* argued for the petitioners, and in support of the first cause of error assigned; that the records of the

county commissioners do not show any location of the supposed town or private way by the selectmen of the town of *Limerick,* or any record of any such supposed way ; cited *st.* 1821, *c.* 118, § 9, 10, 11 ; *State* v. *Inhabitants of Pownal,* 1 *Fairf.* 24 ; *Howard* v. *Hutchinson, ib.* 335 ; *Lisbon* v. *Merrill,* 3 *Fairf.* 210 ; *Goodwin* v. *Hallowell, ib.* 271.

In support of the second, that the record of the county commissioners do not show that there was any evidence before said town of *Limerick,* or before said commissioners, that notice was given to all persons interested by said selectmen, preceding or at the time of the location of the supposed way, they cited 1 *Co. Litt.* 260, *a ;* 3 *Black. Com.* 24 ; 5 *Bac. Ab. Trial, B ;* 1 *Bac. Ab. Amendment, B* 90 ; *Com. Dig. Amendment, D* 1 ; *Atkins* v. *Sawyer,* 1 *Pick.* 353 ; *Hall* v. *Williams,* 1 *Fairf.* 278 ; *Clark* v. *Lamb,* 8 *Pick.* 415 ; *Varnum* v. *Bissell,* 14 *Pick.* 191 ; *Jackson* v. *Ashton,* 10 *Peters,* 480.

The error pointed out was a judicial one, and was not subject to be amended. The right to amend a record did not exist at common law. *Jac. Law Dic. Amendment.* It results only from ancient statutes, and can extend no further than those statutes give it. The cases in which they are permitted by those statutes are, misprisions of clerks, want of form, clerical errors. They are not allowed unless there is something on the record by which to amend. *Hall* v. *Williams,* 1 *Fairf.* 278. Here was nothing by which to amend the record. Whether notice was, or was not given, could not be within the knowledge of the clerk, but of the court only, and therefore was a judicial error. *Gouldsb.* 104. Without such notice, there was no jurisdiction or power to act.

*Appleton & Caverly,* for the original petitioners for the road, contended, that the record of the county commissioners, as originally made up by the clerk, was sufficient.

That if the record was originally erroneous, the court had the right to amend it. *Hall* v. *Williams,* 1 *Fairf.* 290 ; *Howe's Pr.* 382 ; 3 *Dane, c.* 95, *art.* 3, § 4 ; 2 *Johns. R.* 184 ; 5 *ib.* 89 ; 14 *ib.* 219 ; 17 *ib.* 86 ; 1 *Ld. Raym.* 116 ; 1 *Pick.* 351 ; 4 *Mod.* 371 ; 2 *Ld. Raym.* 895 ; 17 *Mass. R.* 351 ; 3 *Greenl.* 29 ; 6 *Greenl.* 415.

There was sufficient on the files of the court and on record by which to amend it.

The records as amended, together with the papers on the files of the court, afford conclusive evidence of the correctness of the whole proceedings in the case.

The record shows, that the town had notice, and acted upon it, and that is sufficient. It is not necessary that any previous notice should have been given to any one. *Harlow* v. *Pike*, 3 *Fairf.* 438; *Cool* v. *Crommett*, 1 *Shepl.* 250.

The opinion of the Court was drawn up by

SHEPLEY J. — The first, second, and fourth errors assigned in this petition state in substance, that there is no record of a way laid out by the selectmen of the town; that notice was not given to persons interested; and that it does not appear, that the town unreasonably delayed or refused to approve and allow of a way laid out.

The petitioners in their application to the county commissioners allege, that a petition was presented to the selectmen in writing, requesting them to lay out the way, that they did proceed as requested, after giving due notice to all persons interested therein, and that to a legal meeting of the inhabitants, called for that purpose, they reported their proceedings in laying out said way, in writing under their hands; and that the town unreasonably neglected and refused to approve and allow the same. The record shows, that the commissioners caused the town to be notified, and that it appeared and was heard thereon, and that " the allegations in said petition being fully proved" they proceeded to decide upon the merits. It has been decided, that the statute does not require, that the doings of the selectmen should be recorded previous to being offered to the town for acceptance, and that a statement in the proceedings, that notice was given by the selectmen is *prima facie* evidence of the fact. *Cool* v. *Crommett*, 13 *Maine R.* 250. The proceedings could not therefore properly become a matter of record until after they were approved by the town or, on appeal by the commissioners. And their record states, that the allegations in the petition were not only fully proved, but that the town unreasonably delayed and refused to approve and allow the way as

laid out. These facts must be regarded as established to the satisfaction of the commissioners, who were authorized to decide upon them.

The third error assigned is, that the commissioners did not adjudge the way to be "of common convenience or necessity, or of general or individual benefit." A public highway from town to town, or place to place, is to be laid out by the commissioners, when they judge, that the common convenience or necessity requires it. "Town or private ways for the use of such town only, or for one or more individuals thereof, or proprietors therein," are to be laid out by the selectmen of the town, who are not constituted the judges of the convenience or necessities of the public. It should not be expected, that the selectmen or the town, or the commissioners, when acting in their place on appeal, would adjudge such a way to be of common convenience or necessity for the public, when the statute only authorizes it to be laid out for the use of the town only, or for one or more individuals thereof. The statute does not require the selectmen to state in their report to the town, that the way will be beneficial to the town or to some one or more of its inhabitants. It does not become established by their proceedings, which are only preparatory, but by vote of the town approving and allowing it. When the statute in the tenth section declares, that the damages are to be paid by the town "if it be of general benefit," reference is had to the general benefit of the town not to that of the public. All, which the statute seems to require as evidence of its being for the benefit of the town or of an individual, is, that it be approved and allowed in a legal meeting called for the purpose of acting upon it. It is still a town or private way, when brought before the commissioners by an appeal from the action of the town, and they are required to pass such a judgment only as the town should have done. Their record, after reciting the facts, states, " that said town or private way would be of general benefit" and that they "accordingly accept and approve the same."

When a defect in a record is occasioned by an omission of the Court to render the proper judgment, or to come to a conclusion upon the whole matter embraced in the cause, such defect arising out of an incorrect or a want of judicial action cannot be amended after the session has closed, and the cause is no longer *sub ju-*

Lamb v. Franklin Manufactuiing Company.

*dice.* But if the Court have performed its whole duty correctly, and the recording officer has erred in making up a proper or full record, the Court may in its discretion cause the record at any time to be amended or corrected so as to have it declare the whole truth. The Courts in this State are by statute *c.* 108, § 3, required to inspect the conduct of their clerks, and to cause deficient records to be made up under their direction. Each Court must necessarily be the judge of what it has decided and adjudged; and when it orders an amendment of the record, the presumption of other Courts must necessarily be, that it does not undertake to order its clerk to record what it never had decided.

Usually a Court could not order its clerk after the close of a session to enlarge the record so as to embrace any matter, which did not appear from the documents or minutes of the Court or clerk to have been decided. It could not be expected to rely upon the memory in a matter of such importance.

*Writ denied.*