### JOHN MORGAN *v.* THE STATE.

PERJURY. *Knowingly swearing falsely. Instruction.*
In the trial of an indictment charging perjury in giving testimony, an instruction which, in effect, tells the jury to convict if they believe, from the testimony of one witness and corroborating circumstances, that the defendant did testify falsely, as charged in the indictment, and knew, when he did so, that he was swearing falsely, is good, though it omit to charge that the swearing must have been willful and corrupt; for if the defendant testified what he knew to be false, he swore willfully, and if willfully then corruptly also.

APPEAL from the Circuit Court of Panola County.
HON. A. T. ROANE, Judge.

In May, 1885, John Morgan was indicted upon the charge that, on the 8th of November, 1884, he " did willfully, corruptly, feloniously, and falsely testify before " a grand jury of Panola County,

in respect to "a matter material for said grand jury to know;" * * * "that he, the said John Morgan, did, in said county, some time in July, 1884, see Sam. Houston play at a game of five-up, for twenty-five cents, and that Sam. Houston, when he (Morgan) first saw Sam. Houston playing said game, put his (Houston's) hand over the money; whereas, in truth, he, said John Morgan, did not, in said" county, "in July, nor at any other time, see Sam. Houston play at a game of five-up, for twenty-five cents; and whereas, in truth and in fact, the said Sam. Houston did not, when he (Morgan) first saw Sam. Houston playing said game, put his (Houston's) hand over the money, as he, said John Morgan, did falsely, corruptly, and feloniously testify and give in evidence."

At the trial of the case the court gave for the State an instruction in the following language: "If the jury believe, from the evidence, that defendant testified before the grand jury that he saw Sam. Houston playing five-up, for twenty-five cents, and that when he, defendant, saw them, Houston put his hand over the money, and if they further believe, from the evidence of one witness and corroborating circumstances, that Sam. Houston was not playing five-up, for twenty-five cents, or for any sum, and that defendant did not see him (Houston) put his hand on the money, and that defendant, at the time he so testified, knew that he did not see said Sam. Houston playing cards, five-up, for twenty-five cents, and that he did not see Sam. Houston put his hand over the money, they should convict defendant."

The jury found the defendant guilty, and from the judgment upon their verdict he appealed.

*J. R. Chalmers*, for the appellant.

1. The indictment should have been quashed, because it averred no corrupt attempt to injure any one. 1 Bishop Crim. Law, § 320.

2. The instruction for the State undertook to set out facts which constitute perjury, and left out entirely the idea that the false swearing must be corrupt.

At the common law false swearing about a material matter before one authorized to administer an oath was perjury. But this was changed by the statute of 5th Elizabeth, which is substantially the

statute of Mississippi, so that now to constitute perjury the swearing must not only be false and about a material matter before one authorized to administer an oath, but must be also willfully and corruptly false.

This was distinctly decided in the case of *Calhoun* v. *The State*, 39 Miss. 546.

In that case a new trial was granted because the instruction for the State charged that the false swearing must be willfully done, but omitted to add after willfully the words "and corruptly."

The instruction in this case did not now require the jury to believe that the false swearing was willful.

The charge was in effect that false swearing knowingly was perjury.

It has been repeatedly held that an indictment should be quashed unless it charged that the false swearing was "knowingly, willfully, and corruptly false." These are material allegations, and every material allegation must be proved as charged. 2 Bishop Crim. Law, § 1046.

Now the intent must be specific to swear falsely. Bishop Crim. Law, vol. 1, § 320, and vol. 2, § 1048.

If an indictment is defective which fails to charge that the false swearing was "knowingly, willfully, and corruptly false," an instruction defining what the jury must believe in order to convict defendant is equally defective if it omits these words, which are the material words of our statute defining perjury.

And the last case decided by our Supreme Court maintains the same doctrine. *Vance* v. *State*, 62 Miss. 141.

*T. M. Miller*, Attorney General, for the State.

1. The court is precluded from considering the assignment of error touching the sufficiency of the indictment, because no objection appears to have been made thereto in the lower court in any form whatever.

2. The instructions given for the State, when taken in connection with those of appellant, state the law most liberally for the latter, and precisely as counsel contend that it is.

3. It is clearly shown (certainly it was to the satisfaction of the

jury) by the testimony of the foreman of the grand jury and the district attorney that appellant testified with deliberation, after being pressed, to the material matter set out in the indictment, and it is equally clear, from the testimony of Houston, appellant himself, and others, that the matter so sworn to was false.

There is scarcely a hint of inadvertence or mistake even in appellant's testimony. The false swearing, according to the testimony, was deliberate and intentional, and was therefore corrupt.

" If willfully false it (the oath) is necessarily corrupt." *Brown* v. *The State*, 57 Miss. 436.

Thus the case at bar combines the essential elements of willfulness, falsity, materiality, and corruptness.

Arnold, J., delivered the opinion of the court.

It is assigned for error that the court below erred in refusing to quash the indictment, and in giving an instruction for the State after the argument for appellant to the jury had closed, and that this instruction was used by the district attorney in his closing argument to the prejudice of appellant. If there was any demurrer or motion to quash the indictment, or if any instruction was given and used as alleged, it is not shown by the record.

The instruction given for the State is not subject to the objections made to it by appellant. It is true that to constitute perjury the swearing must be willful and corrupt, as well as false, but if a person swears to what he knows to be false, it is necessarily willful, and if willful, it is necessarily corrupt. 2 Whart. Cr. L., § 2204 ; *Brown* v. *The State*, 57 Miss. 424.

*Affirmed.*