## Breene v. Booth.

1. JUDGMENT, CORRECTION OF.

An error of the court in the rendition of a judgment cannot be corrected summarily by an order *nunc pro tunc;* neither can it be corrected at all by the court which rendered it, except during the time when it has control of its record for that purpose.

2. SAME.

When an error which occurs in the entry of a judgment is not judicial, but ministerial, it may be corrected by the court at any time, unless rights have become vested under it, or substantial rights of the adverse party have been lost by undue delay, and the correction may be made upon any satisfactory evidence.

3. WAIVER.

Where a party to a judgment did not resist but acquiesced in the correction of the same as erroneously entered by the clerk, he is not in a position to urge an objection upon review.

4. JURISDICTION ON APPEAL.

An appeal from a judgment apparently entered against the appellant individually, but in truth against him and another as copartners,

which was, after appeal, so amended as to express the judgment which was in fact pronounced by the court, does not give this court jurisdiction to review the judgment as corrected.

*Error to the District Court of Lake County.*

Mr. GEO. Q. RICHMOND and Mr. JOHN A. EWING, for plaintiff in error.

Mr. A. W. STONE and Mr. A. T. GUNNELL, for defendant in error.

THOMSON, J., delivered the opinion of the court.

This suit was brought by the defendant in error against the plaintiff in error and George W. Purviance, as copartners, doing business under the firm name of George W. Purviance & Co., upon an indebtedness of the firm to the plaintiff. The cause was tried and judgment for the amount entered against the defendant Breene alone. From the judgment, as thus entered, Breene appealed to this court. Pending the appeal, and on the 25th day of July, 1892, something more than seven months after the entry of the judgment, and at a subsequent term, the trial court, upon application of the plaintiff, and upon a showing made that the judgment actually rendered was against both defendants, but that it was erroneously entered by the clerk upon the judgment record as being against Breene alone, amended the record by giving judgment against the copartnership, to be recorded as of the date of the original entry. A transcript of this proceeding and judgment was then filed in this court. We declined to consider it as a part of the record of the case, or to review the judgment which it contained, and reversed the judgment as originally entered. *Breene v. Booth,* 3 Colo. App. 470. Upon motion of the plaintiff, the court below ordered execution issued upon the corrected judgment. Exception was taken to the ruling, and this judgment is now before us for review on writ of error.

A portion of the argument of counsel for appellant is based upon the assumption that the error in the judgment entry, as made, was that of the court, and that the action taken upon July 25th was therefore an attempt to correct a judicial error. If the assumption were correct, the conclusion which counsel has reached would necessarily follow. An error of the court in the rendition of a judgment cannot be corrected summarily by an order *nunc pro tunc;* nor can it be corrected at all by the court which rendered it, except during the time when the court has control of its record for that purpose.

But it conclusively appears from the record that the error in the entry of the judgment was not judicial, but ministerial. The judgment which the court rendered was against the copartnership, but the clerk erroneously recorded it as being against Breene. Some question is made as to the evidence upon which the court made the correction. The evidence is not in the record. The motion refers to an entry in the judge's docket. The English rule, followed in some of our states, is that a judgment cannot be corrected except upon record evidence, and that notes of the judge upon his docket are not part of the record, and therefore not evidence for the purpose. But in others it is held that the correction may be made upon any satisfactory evidence; and it has been so decided in this state. *Doane et al. v. Glenn,* 1 Colo. 454. We must assume that the evidence upon which the court ordered the *nunc pro tunc* entry was sufficient.

The right of a court to have its judgments entered as they are given, and where, through clerical misprision the entries are inaccurately made, to have them corrected so as to express the truth, is too well established to require a citation of authorities. The judgment of the court is that which it pronounces. The record entry is not itself the judgment, but rather the evidence of the judgment, or its embodiment in visible and permanent form; and the court, in virtue of the same authority by which it pronounces its judgment, can cause the record to express it as it was given, or change an inaccurate record into a true one. And it is immaterial in what the

inaccuracy consists, or how far the entry may deviate from the judgment rendered. In this case, in correcting the erroneous entry so as to express its true judgment, the court simply exercised a power inherent in its constitution, and which it is its duty to exercise, provided there were no extrinsic reasons why it should not be exercised.

It is claimed that the delay, in the nature of *laches*, of the plaintiff in applying for the correction of his judgment, divested the court of its authority to make the amendment. We must disagree with counsel. The court's control of its records for the purpose of making them exact cannot be lost by mere delay in its exercise, although perhaps reasons might exist why it would be its duty to refuse to exercise it. It is incumbent upon the party, in whose favor a judgment is rendered, to see that it is properly entered; and if, during the period of an undue delay in causing an erroneous entry to be corrected, rights have become vested under it, or substantial rights of the adverse party have been lost, justice may require the refusal of the amendment. See *Rogers v. Rogers*, 1 Paige, 187.

In this case, if, between the time of the original entry and that of the correction, the partnership and Purviance had both become insolvent, so that a burden was cast upon Breene alone, which, if the plaintiff had been diligent in causing the proper record to be made, would have been borne by the partnership, or divided with Purviance, a different question would be presented; but nothing of this kind appears. It is claimed, however, that by reason of the delay Breene lost his statutory right to appeal; that the judgment could not be appealed from at first because there was no record of it upon which to base an appeal; and that when it was finally made a matter of record, the entry being *nunc pro tunc*, and relating back to the first date, it was too late to appeal. Whatever force there might otherwise be in this argument, there is one answer to it, which disposes of it so far as the case before us is concerned, and that is that the amendment was not resisted. The appellant does not claim that it was,

and from the silence of the record we must presume that it was made with Breene's acquiescence. He is therefore not in a position to urge this objection here.

Apparently counsel have misinterpreted our decision in *Breene v. Booth, supra ;* and it seems also to have been misapprehended in another quarter where there is less excuse for the misapprehension. The question of the court's control over its own records was not in that case. The question was whether after an appeal had been perfected from the judgment as it was recorded, the filing of the supplemental transcript authorized us to review the judgment as it was rendered, and we held that it did not. Authority is abundant that corrections by the trial court, after appeal, of clerical errors in its records, may be brought into the appellate court, and there treated as part of the record of the case; but to warrant this, where the correction goes to the judgment, the character and legal effect of the judgment upon the record must not be so changed that it cannot be considered as embraced in the appeal. We have no authority to review any judgment unless it is here by appeal or writ of error. Certain proceedings preliminary to an appeal are prescribed, which are jurisdictional. An appeal from the judgment rendered must be prayed within a specified time after its rendition, and an appeal bond must be given conditioned for the payment of that judgment if it shall be affirmed, and for the due prosecution of the appeal. Without compliance with these requirements there is no appeal. The judgment against the copartnership was not appealed from. The appeal was from the apparent judgment which the record showed against Breene alone, and which, until corrected, must be taken to be the judgment of the court. It was from this that the appeal was prayed, and the appeal bond recited this judgment. A judgment against a copartnership, and a judgment against an individual, are materially different. The manner of their enforcement is different, and the rights of parties under them are different—so essentially different that a judgment given against an individual partner, when it

should be against the firm, is erroneous, and will be reversed for that sole reason. *Dessauer v. Koppin*, 3 Colo. App. 115, and cases cited. An appeal by an individual from a judgment against him alone is not, and cannot be, tortured into an appeal from a judgment against a copartnership.

In illustration of our position, we will suppose that at the trial it was found that Breene and Purviance were not partners; and, the indebtedness having been contracted by Purviance, judgment was rendered only against him, but by a misunderstanding of the clerk it was entered against Breene, and not against Purviance. Breene, finding this judgment upon the record, appealed from it. After he had perfected his appeal, the plaintiff in the proper proceeding for the purpose, had the record amended so as to show the true judgment rendered, namely, a judgment against Purviance only, and filed a supplemental transcript of the later proceeding in this court, asking us to pass upon the judgment as amended. By what authority could we have considered this transcript as part of the record of Breene's appeal? From what source would we derive jurisdiction to review a judgment called to our attention in this way, and not before us either by appeal or writ of error? It is not in the law that such authority can be found, and to assume jurisdiction under those conditions would be usurpation. The case supposed and the real case do not differ in principle. While there may be no limit to the power of a court to make proper corrections of its record, a judgment as originally entered may be so radically changed that it cannot be considered as the judgment appealed from, and must be brought here by an independent proceeding before we have authority to review it; and until the amended judgment is brought to our attention in such way that we can judicially notice it, we must assume the record from which the appeal is taken to be the only judgment in the case.

The foregoing is a digression, for which our justification is a construction, deemed by us unwarranted, which seems to have been placed upon our former decision.

VOL. VI—10

There is nothing in this record which would authorize us to reverse the judgment, and it will therefore be affirmed.

*Affirmed.*