## No. 8787.

### WHEELER v. THE PEOPLE.

1. TRIAL—*Challenge to Jurors.* The ruling of the .court will not be disturbed unless an abuse of discretion is shown.

2. CRIMINAL LAW—*Challenge Juror.* The accused is entitled to a trial by a competent jury, but not to a trial, by any particular persons.

   Error in the allowance of a challenge is immaterial where it is not apparent that any member of the panel selected was either partial or incompetent, or that the prisoner had exhausted his peremptory challenges.

3. *Perjury—What Testimony Material.* In order to the materiality of testimony it need not be directed to the main issue—tending to corroborate what is adduced to establish the principal matter, it is material, and if false is perjury.

4. *Evidence—Variance.* If the evidence corresponds in substance and effect to what is charged in the information this is sufficient.

5. *Administration of the Oath Presumed.* Where one testifies in a trial pending in a court of record the due administration of the oath will be presumed.

6. *Evil Intent Presumed.* Whoever knowingly falsifies in giving testimony in a court of justice is presumed to be animated by a willful and corrupt purpose.

7. *Materiality of the False Testimony,* is for the court. But if, being submitted to the jury they find a verdict of guilty which is approved by the lower court, the error is tolled.

8. AMENDMENT OF RECORD—*Power of Court.* Every court has an inherent power to correct its record, so as to make it conform to the truth.

9. *Effect of Amendment.* Information for perjury committed in the trial of an information for an assault with intent to murder. The record showed that the charge was murder. Being amended to accord with the information the record, so as amended, was admissible against defendant in the trial of the information, for perjury.

*Error to. Boulder District Court, Hon. Neil F. Graham,*
*Judge.*

Mr. OSCAR A. JOHNSON and Mr. GUY D. DUNCAN, for plaintiff in error.

Hon. FRED FARRAR, Attorney General and Mr. RALPH E. KERWIN, Assistant Attorney General, for the People.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error was tried and convicted in the District Court of Boulder County of the crime of perjury because of certain testimony he had theretofore given in the trial of a criminal case in that court. Judgment was entered on a verdict of guilty, and the case now is here for review on error. Only a few of the numerous assignments of error have been urged.

It appears that one of the talesmen disclosed upon *voir dire* that he had been summoned as a special venireman, but had not served as a juryman, during the year previous to the trial of the plaintiff in error. He was challenged by the people, the challenge was resisted, and sustained by the court. This is the first assignment argued. It is neither shown nor alleged that the jury, as finally chosen, was not competent and impartial, or that the defendant exhausted his peremptory challenges before the jury was finally secured. Defendant was entitled to a trial by a competent jury, but not by any particular persons, even though those whom he preferred may have been competent. 24 Cyc. 324. As the court is the trier of the juror's qualifications, its decisions should not be disturbed, except upon abuse of a discretion thus exercised. *Union Gold Mining Company v. Rocky Mt. Nat. Bank*, 2 Colo. 566; *Collins v. Burns*, 16 Colo. 7, 26 Pac. 145; *Babcock v. People*, 13 Colo. 515, 22 Pac. 817.

The case in which the alleged perjured testimony was given was one for assault with intent to murder. In the introduction to the clerk's record of the case it was made to appear that the defendants therein had been arraigned upon the charge of murder. The record itself, however, shows that in the information the defendants were charged with the offense of assault with intent and murder. At the beginning of the trial an attempt was made to correct this error *nunc pro tunc*, which, however, seems to have been

abandoned. Shortly afterward, the judge who presided at the trial of the case in which the improper entry occurred, made and entered in open court an order correcting the record. The record so amended was introduced in evidence in the case at bar, over the objection and exception of plaintiff in error, on the ground that he had a right to rely upon the record as it stood previous to correction. This position is untenable. The court has inherent power to correct its own record so as to make it speak the truth. *Breene v. Booth*, 3 Colo. App. 470, 33 Pac. 1007; *Plyte v. Plyte*, 15 Colo. 44, 24 Pac. 579. Neither is the record subject to collateral attack. Moreover, the state of the record in a previous case does not concern the plaintiff in error, as perjury may be committed even in a trial the records of which contain error of a character to necessitate a reversal.

Error is assigned because the court refused to direct a verdict of not guilty on the ground that the alleged perjured testimony was immaterial. Perjured testimony to be material need not be directly to the main issue; if it has a tendency to prove any material fact in the chain of evidence, that makes it material. If it be substantially material it is sufficient. 30 Cyc. 1419. The term "material matter" refers not only to the main fact which is the subject of inquiry, but also to any fact or circumstance which tends to corroborate or strengthen the proof adduced to establish the main fact. *Thompson v. People*, 26 Colo. 496, 59 Pac. 51; *In re Franklin County*, 5 Ohio S. & C. Pl. Dec. 691; *People v. Greenwall*, 5 Utah 112, 13 Pac. 89. It was contended by the People that on the morning of the assault, Wheeler was hired by the defendants and others to drive them from Erie to a point near Hecla Heights in Boulder County, which he did, and that after they left his wagon they went to a straw stack, and immediately began shooting at the Hecla mine property. To show that the defendants were at the place where the alleged offense was committed at the time it was committed was one of the material facts to be established. No other single fact in the chain of facts could well be more material.

It is also urged that there is a fatal variance between the language used in the information in stating the alleged false testimony, and the proof in this behalf adduced at the trial. The information charges that the defendant testified "in substance and effect" that he did not know whether the defendants then on trial were among those who went with him in his wagon to a point near Hecla Heights, on a certain morning in April, 1914. From the transcript of his evidence it is clear that he did substantially so testify. It is clearly manifest that he desired, and attempted, to convey the impression that the defendants might, or might not, have been with him at that time, but that he was unable to state positively either way. This proof corresponds in substance to the charge made in the information, and this is all that the law requires. 30 Cyc. 1442.

It is alleged that there was not sufficient evidence to show that the oath had been properly administered to the defendant, or that it had been given to him while he had his right hand raised. In the absence of any evidence to the contrary, it will be presumed that the oath was properly administered. *Thompson v. People, supra.* Besides, no objection was made at the time to the form of its administration; plaintiff in error took the oath, and testified under it, and cannot now claim that its administration was not in conformity with law. 30 Cyc. 1417.

The refusal to give a certain offered instruction, in which the words "wilfully", and "corruptly" were defined, was not error. Other instructions sufficiently defined these terms, so far as they are applicable to this case, and under these instructions the jury must have found the testimony to have been given wilfully and corruptly in order to have returned a verdict of guilty. Whether it was given wilfully and corruptly was a matter for the jury to determine, and if the jury found that the defendant knowingly swore falsely, the wilfulness and corruption is necessarily implied. 30 Cyc. 1457; *Morgan v. State,* 63 Miss. 162; *Brown v. State,* 57 Miss. 424.

Error is urged upon the refusal to give another instruc-

tion, the substance of which was that if defendant, at the time he gave the alleged false testimony was, through embarrassment, excitement or fear, unable to recall the fact to which he was testifying, he should be acquitted.  Instruction number 7, as given, in substance instructs the jury that false swearing under an honest belief that the statements are true, is not perjury; that they are to determine from the evidence whether such honest belief exists; that if he swore falsely without reasonable grounds to believe his statements true, he was guilty of perjury.  This instruction covers the question, if there be a question, of Wheeler's mental condition at the time, and the refusal of the modified instruction is not prejudicial error.  There was testimony to the effect that he disclosed no embarrassment at the trial; that previously, before the grand jury, he readily remembered that defendants were in the wagon with him at the time in question; that shortly before the trial he repeated this statement to the district attorney and others; and that when arrested, immediately after giving the alleged perjured testimony, he admitted that he had lied while on the stand, and requested an opportunity to go back and correct his statements.

By instruction number 9 the question of the materiality of the alleged perjured testimony was submitted to the jury, and this is assigned as further error.  In *Thompson v. People, supra,* the same question was raised, and the court passed upon it in the following language, which is applicable to the point here involved:

"The next error relied on is the giving of instruction number eight, which is substantially in the language of the information, because it leaves to the jury the question of the materiality of the alleged false testimony.  That on a trial for perjury the question of the materiality of the testimony is one of law for the court, is well settled, and in this particular the instruction as given was objectionable.  As we have seen from an examination of the testimony, the evidence of the plaintiff in error was material, and the district court would have necessarily so found in overruling the

motion for a new trial; so that the submission of the question of the materiality of the evidence to the jury, they having found in their verdict that the false testimony was material, in no way prejudiced the rights of plaintiff in error. *State v. Lewis,* 10 Kansas 157; *Montgomery v. State,* 40 S. W. Rep. 805. [Tex. Cr. R.]

Other errors assigned have not been argued, and do not merit discussion. Plaintiff had a fair and impartial trial, and the judgment will be affirmed.

Judgment affirmed.

Chief Justice White and Mr. Justice Allen concur.