477 P.2d 472 (1970)
Lavern F. OMAN, Plaintiff in Error,
v.
Mildred C. OMAN, Defendant in Error.
No. 70-274, (Supreme Court No. 23592.)
Colorado Court of Appeals, Div. II.
September 22, 1970.
Rehearing Denied October 14, 1970.
Certiorari Denied December 21, 1970.
Franklin C. Douglas, Denver, for plaintiff in error.
George T. Ashen, Marshall A. Fogel, Denver, for defendant in error.
Not Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in reverse order of their appearances at trial and will be referred to hereinafter by their trial court designations.
The matter on appeal is the jurisdiction of the trial court, twenty-six months after entry of the order, to alter the alimony provision of permanent orders entered following a property hearing. On August 3, 1965, the trial court held a property settlement hearing at the end of which it entered verbal permanent orders providing, in part, that plaintiff was to receive monthly alimony payments, but that if certain contingencies were met the monthly alimony payments would be, in effect, terminated.
*473 Counsel for plaintiff reduced the permanent orders to writing. In so doing, he misconstrued the court's verbal alimony order so that the written order differed substantially from the verbal order and had the effect of declaring a lump sum alimony payment, payable over a two-year period. The written order was presented to the trial judge and was signed by him on August 9, 1965. The trial judge very candidly admitted that he did not observe the discrepancy at the time he signed the order. Counsel for plaintiff did not provide defendant, who appeared pro se, with a copy of the written order prior to its submission to the court; nor does it appear that defendant ever received a copy of the order after it was signed. The discrepancy between the oral and written orders was not discovered until approximately one year later.
On October 6, 1967, following a long series of aborted enforcement and other assorted proceedings, plaintiff filed a motion requesting the court "* * * to alter, amend the judgment and order as entered by this Court on the 3rd day of August, 1965, and to conform that written order as dated on the 9th day of August, 1965 to the verbal order as heard by this Court * *" This motion was clearly a request for an order conforming the written order of August 9th to the verbal order of August 3rd, rather than a motion to modify the amount of alimony; and plaintiff so asserted at hearing on this motion. However, defendant claims that the motion was for a modification of the alimony provision, replacing a lump sum alimony award by perpetual periodic alimony, after he had detrimentally relied upon the erroneous order and after the court had lost jurisdiction to make such a change. The court granted plaintiff's motion, and defendant brings error. We agree with the trial court and accordingly affirm its judgment.
The authority of a court to correct clerical mistakes in judgments, orders, or other parts of the record has long been recognized in case law (Bessemer Irrigating Co. v. West Pueblo Ditch and Reservoir Co., 65 Colo. 258, 176 P. 302; People ex rel. Schmidt v. County Court of Arapahoe County, 9 Colo.App. 41, 47 P. 469; and Breene v. Booth, 6 Colo.App. 140, 40 P. 193), and is specifically provided for by R.C.P.Colo. 60(a). As was stated in Breene v. Booth, supra:
"The judgment of the court is that which it pronounces. The record entry is not itself the judgment, but rather the evidence [thereof], or its embodiment in visible and permanent form; and the court, in virtue of the same authority by which it pronounces its judgment, can cause the record to express it as it was given, or change an inaccurate record into a true one. And it is immaterial in what the inaccuracy consists, or how far the entry may deviate from the judgment rendered. * * *
"* * * It is incumbent upon the party, in whose favor a judgment is rendered, to see that it is properly entered * * *."
To be sure, if there is an undue delay in causing the clerical error to be corrected, during which substantial rights of the adverse party have been lost, justice may require refusal of the amendment. Breene v. Booth, supra. However, in the instant case, although there are allegations in defendant's briefs that he relied upon the written alimony order (when he became aware of it approximately one year after its entry) to his detriment, the record is vague as to the nature of this reliance (if any) and how it was detrimental to defendant.
Under the circumstances of this case, where the record makes clear that the verbal alimony order given substantially differed from that appearing in writing, and that the court intended the former rather than the latter, and where the record does not bear out a claim of detrimental reliance, the granting of plaintiff's motion to amend was not error.
Judgment is affirmed.
DWYER and ENOCH, JJ., concur.