## RONALD J. SMITH *v.* STATE OF MARYLAND

[No. 69, Initial Term, 1967.]

298

*Decided May 19, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and RUSSELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Robert F. Fischer* for appellant.

*S. Leonard Rottman, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

On April 6, 1966 appellant was tried in the Criminal Court of Baltimore before Judge Joseph L. Carter, presiding without a jury, under a two count indictment charging illegal possession and control of narcotics and on an addendum thereto charging him with being a third offender. He was found guilty generally of the charges in the indictment and guilty under the addendum and sentenced to ten years imprisonment.

Appellant, an inmate in the Maryland Penitentiary, was searched by a correctional officer of the institution in accordance with a standard procedure of searching inmates as they came in the dormitory during the day. During the search appellant broke away and ran several feet before he was apprehended.

The search was continued and the officer found on the appellant a brown envelope containing a needle and syringe and a small plastic container containing a white powdery substance, which on analysis was determined to be cocaine hydrochloride.

Appellant raises four contentions on this appeal. None of them were raised below and this Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court. Maryland Rule, 1085; *Tucker v. State,* 237 Md. 422 (1965); *Brown v. State,* 237 Md. 492 (1965). In any event, the contentions afford no grounds for reversal when they are considered on the merits.

The first contention raised by appellant is that the search of his person was illegal and the paraphernalia and narcotic drug were improperly admitted in evidence. We do not find the search of the appellant to have been illegal. In *Stewart v. State,* 1 Md. App. 309, decided May 19, 1967, we reviewed at length the questions of the search of inmates of penal institutions and the admissibility in criminal prosecutions of contraband seized as a result. We found that such searches, unless conducted in such a manner as to amount to cruel and unusual punishment, do not fall under the constitutional prohibitions as they are not unreasonable. They are authorized by implication as reasonably necessary in the fulfillment of the custodian's duty to maintain prison security, to preserve order and discipline, to insure the safety of the prison population, and to see that the prisoners conduct themselves in a decent and orderly manner. We found that an inmate of a penal institution cannot claim constitutional immunity from search and seizure of his person, and that contraband seized in such a search not only may be confiscated and used as the reason for disciplinary punishment by prison authorities, but, if otherwise admissible, is not rendered inadmissible in a criminal prosecution by reason of the search. Although in *Stewart,* the officer conducting the search had reasonable grounds to believe that the inmate was in possession of narcotics before the search was made, whereas in the instant case, the officer testified nothing "attracted" him to the appellant, the search here was pursuant to a normal pro-

cedure of "spot checking inmates" when they entered the dormitory during the day. We do not find that such searches are an undue harassment or oppression of inmates subjecting them to cruel or unusual punishments. We hold that the search of appellant was reasonable and the evidence seized properly admitted.

Appellant's second contention is that the documentary evidence which was presented in support of the allegations of the addendum was not in proper form and was improperly admitted. The two indictments admitted in evidence as proof of appellant's prior convictions of violating the narcotics laws were not forwarded to us as a part of this record. In any event, the transcript of the proceedings below shows that "the clerk's copy" of each indictment was admitted without objection. The phrase "clerk's copy" does not mean, necessarily, as appellant assumes, that they were copies of the original papers. The record indicates that they were the original indictments in the custody of the Clerk of the Criminal Court of Baltimore and therefore not required to be certified under the provisions of Maryland Code (1957), Art. 35, Sec. 76 to be admissible evidence.

Appellant's third contention is that the representation afforded by his counsel below was so inadequate as to deprive him of a fair trial because the counsel: (a) failed to question the legality of the search; (b) allowed testimony in support of the addendum to be introduced in evidence prior to a finding of guilt on the current charge; (c) failed to file a motion for a new trial. The complaint of inadequate counsel is not supported in the transcript of the record of the trial. (a) We have found the search to have been lawful and objection would have been fruitless. (b) In the absence of an election by a defendant both the current offense and the issue of whether or not the defendant is a second or subsequent offender shall be tried concurrently. Maryland Rule, 713 e. The record does not disclose an election. Appellant does not allege that he requested separate trials, or that he was in any way prejudiced by the concurrent trial of the two matters, and we do not find any prejudice from the record, the trial being before the court. (c) After the find-

ing of the verdicts of guilty on April 6, 1966, the imposition of sentence was deferred until April 12, 1966 on counsel's suggestion that a motion for a new trial might be filed. At the time of sentencing, appellant gave no indication during his conversations with the court that he requested his counsel to file such a motion or that he desired to move for a new trial. See *Brown v. State*, supra.

Appellant's fourth contention is that his convictions amounted to double jeopardy because he had been punished by the prison authorities for possession of narcotics. The rule against double jeopardy in Maryland derives from the common law; it is not established by the Constitution of the State and the double jeopardy provision of the Fifth Amendment of the United States Constitution is not applicable to the State. *Moquin v. State,* 216 Md. 524 (1958). Section 692 of Art. 27 of the Maryland Code (1957) provides for the character and administration of intra-mural punishments for violation of discipline in the institutions of the Department of Correction and section 277 of Art. 27 of the Code makes both possession and control of a narcotic drug a crime. The two statutes can stand together and both, therefore, may be effectively utilized to punish an inmate of such an institution for possession and control of a narcotic drug, without placing him twice in jeopardy. Also, the rule of double jeopardy is applicable only when the first prosecution involves a trial before a criminal court or at least a court empowered to impose punishment by way of a fine, imprisonment or otherwise as a deterrent to the commission of the crime. *Moquin v. State,* supra. Administrative punishment for breach of prison discipline does not cause a fine, imprisonment or other punishment meted out by a court after trial. *Ford v. State,* 237 Md. 266 (1965). The institutional punishment received by appellant was not the equivalent of a trial and he was not put in jeopardy thereby. *Best v. Warden,* 235 Md. 633 (1964).

On November 23, 1966, the Court of Appeals received a document entitled a "supplemental petition" which was forwarded to appellant's counsel. None of the contentions therein Maryland Rule, 1085. However, we shall consider those not presented were raised below and are not properly before us.

herein above decided in anticipation of a collateral attack on the conviction under post conviction procedures. Appellant alleges that the lower court failed to read in open court the offenses with which he was charged. The transcript of the record shows that appellant was arraigned in the Criminal Court of Baltimore on March 21, 1966, that he had received a copy of the indictment, that he was informed that he was charged with violation of the narcotic laws and that the court stated an attorney would be appointed to represent him. Counsel was thereafter appointed and represented him at his trial. We find that he was fully cognizant of the offenses with which he was charged. He alleges that the lower court "brought forth appellant's criminal record" prior to a finding of guilty. If this allegation refers to the prior narcotic convictions admitted to support the addendum, the matter has been found to be without merit. If it refers to appellant's other convictions, these were not brought to the attention of the court until after the findings of guilty. The allegation that the officer who searched him committed perjury "when he informed the court under oath the act which petitioner was envolved allegedly" (sic) is without substance. The court believed the testimony of the officer that narcotics were found in the possession of the appellant, and in fact, the testimony was not disputed. The other allegation of perjury, that there "was committed perjury on the part of the witness against him", without specification, is too vague and general to be considered. See *Reeves v. Warden,* 231 Md. 613 (1963).

*Judgments affirmed.*