No. 23998.

FRANK FRENSLEY MOORE *v.* THE PEOPLE OF THE STATE OF COLORADO.

(467 P.2d 50)

Decided March 30, 1970.

340

B. E. Schalow, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

The defendant Frank Frensley Moore, while an inmate of the Colorado State Penitentiary, was charged with the crime of Unlawful Possession of a Narcotic Drug after a search of his cell revealed two envelopes containing marijuana. The defendant's motion to suppress evidence was denied, and he was convicted by a jury. He brings this writ of error from the judgment of conviction.

The defendant contends that the trial court committed reversible error (1) by failing to grant his motion to suppress the evidence obtained as the result of an allegedly illegal search of his cell; (2) by denying his motions for a judgment of acquittal; (3) by admitting into evidence a letter found in his cell for the purpose of rebuttal when the letter should have been part of the prosecution's case in chief and was not properly identified: (4) by giving certain instructions to the jury and refusing those tendered by the defendant; and (5) by not allowing him to address the jury at the close of the case. We find no error in the judgment of the trial court, and we affirm the conviction.

I.

No testimony was taken at the hearing on the defendant's motion to suppress evidence seized from his prison cell. The facts alleged in the motion to suppress were that a correctional officer at the penitentiary entered the defendant's cell in order to secure evidence of the crime of forgery and ordered the defendant to submit to a search without a warrant and without obtaining the

defendant's consent to that search. As a result of the search, a quantity of marijuana was found in the cell. The trial judge listened to legal argument and concluded that the search of the cell was lawful, and that there was no basis for suppressing the evidence. In our view the motion to suppress was properly denied.

The language of the Fourth Amendment to the United States Constitution does not guarantee the security of persons against all searches but only those which are unreasonable. Not every search that is conducted without a search warrant is unreasonable or illegal as those words are used in the United States Constitution and in Colo. R. Crim. P. 41.

A prison cell is not a place in which the occupant can expect to be free from all searches unless accompanied by a warrant. Constant surveillance is the order of the day in prison life. Prison officials testifying in the present case stated that the area in which the defendant's cell was located was inspected daily, sometimes perfunctorily and other times intensively. Considering normal and necessary prison practices and the charge we place upon our prison officials to supervise the operation of our state prisons, to preserve order and discipline therein and to maintain prison security, we conclude that there is no violation of the Fourth Amendment prohibition against *unreasonable* search and seizure when prison cells are searched or "shaken down" in carrying out this charge. Searches conducted by prison officials entrusted with the orderly operation of the prisons of this state are not unreasonable so long as they are not conducted for the purpose of harassing or humiliating the inmate or in a cruel or unusual manner. *Stewart v. State,* 1 Md. App. 309, 229 A.2d 727; *Smith v. State,* 1 Md. App. 297, 229 A.2d 723; *State v. Pietraszewski,* 285 Minn. 212, 172 N.W.2d 758; *Spillers v. State,* 84 Nev. 23, 436 P.2d 18.

We agree with the dicta expressed by Mr. Justice Stewart in *Lanza v. New York,* 370 U.S. 139, 143, 82

S.Ct. 1218, 1220-21, 8 L.Ed.2d 384, 387-88, when he said in the opinion of the Court:

"But to say that a public jail is the equivalent of a man's 'house' or that it is a place where he can claim constitutional immunity from search or seizure of his person, his papers, or his effects, is at best a novel argument. . . . [W]ithout attempting either to define or to predict the ultimate scope of Fourth Amendment protection, it is obvious that a jail shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. In prison, official surveillance has traditionally been the order of the day."

Because the search of the defendant's cell and person was reasonable and not illegal, there was no basis for suppressing the evidence seized in the course of that search at trial.

II.

The defendant argues that it was error for the trial judge to deny his repeated motions for a judgment of acquittal because there was no proof that the defendant had possession of the marijuana discovered in his cell, that he knew of the presence of the marijuana, or that he knew that the substance in the cell was in fact marijuana. We find that the evidence was sufficient and his motions were properly denied.

Possession of contraband can be established by showing that the offending item was discovered in a place that is under the dominion and control of the defendant. Once possession is established, knowledge of the nature and presence of marijuana may be inferred. It is true we have said that where possession of the premises has not been exclusive by the defendant, knowledge of the nature and presence of the marijuana may not be inferred unless there are circumstances which support the inference. *Petty v. People*, 167 Colo. 240, 447 P.2d 217.

However, conceding that in this case the defendant did not have exclusive dominion and control over the

cell in which the marijuana was found, it was established by the evidence that (1) the defendant was the sole and regular occupant of the cell at the time the marijuana was discovered, and (2) that the marijuana cigarettes were found in an envelope bearing the defendant's name and prison number uncovered in a box containing correspondence and other personal effects belonging to the defendant. In the light of this evidence, there was support for an inference, if the jury chose to make it, that the defendant had knowledge of the presence and nature of the substance discovered. Accordingly, the motions for judgment of acquittal were properly denied.

### III.

The defendant took the stand in his own behalf and testified that he did not know of the presence of marijuana in his cell, that he did not smoke marijuana, that he did not know what marijuana looks like, and that he had had no dealings with drugs. On cross-examination the prosecuting attorney asked the defendant if he could identify a letter as having been in his cell. The defendant denied knowledge of the letter.

The prosecution then recalled to the stand the correctional officer who conducted the search of the defendant's cell. The officer testified that in the course of his search he found the letter in a stack of correspondence in the defendant's cabinet. The letter was admitted into evidence.

The text of the letter makes no mention of marijuana or any other drug by name. However, the letter conveys the impression that it is referring to dealings in illegal drugs and probably marijuana.

■ The defendant first argues that the letter was properly a part of the case in chief for the people, and that it was error to use it for rebuttal evidence. However, this Court has said that a party is not required to anticipate testimony the opposing party will offer in defense and is entitled to introduce any competent evidence to explain, refute, counteract or disprove the proof of the

other party. This is so even if the evidence tends to support the party's case in chief. *Taylor v. Mazzola,* 150 Colo. 499, 375 P.2d 96.

 The defendant further argues that the letter does not relate to any evidence given by the defendant and was not properly admitted as rebuttal evidence. As we have already pointed out, the clear import of the letter was that it described the details of trafficking in illegal drugs. Possession of such a letter by the defendant conflicts with his assertion that he had no knowledge of any dealings in illegal drugs. It does not appear that the judge abused the discretion granted to him in matters relating to rebuttal evidence by admitting the letter. See *Wertz v. People,* 160 Colo. 260, 418 P.2d 169.

 Finally, the defendant argues that it was error for the judge to admit the letter into evidence when there was no evidence to prove that the letter was written by the defendant. It is sufficient to note that the letter was offered for the purpose of rebutting the defendant's statement that he had no knowledge of dealings in illegal drugs. The People made no attempt to prove that the defendant was the author of the letter, but merely sought to prove that the letter was present in the defendant's cell, thereby creating the inference that the defendant was familiar with its contents and knew something of the drug trade. Authorship of the letter was not determinative of its admissibility.

IV.

 The defendant contends that the trial judge was in error in giving certain instructions to the jury. We find no error in the instructions. Instruction six complained of correctly sets forth the material allegations of the information charging the defendant with possession of the offending drug.

Instruction seven given by the court adequately presented to the jury the defendant's theory of the case which was that some other person might have placed the drug in his cell without his knowledge of its presence.

Finally, instruction eight correctly defined possession as being not merely physical possession of the drug on the defendant's person but actual, physical, immediate, and knowing dominion or control of the drug allegedly possessed by him.

## V.

The defendant argues that Article II, Section 16 of the Colorado Constitution which provides that in criminal prosecutions the accused shall have the right to appear and defend in person and by counsel means that the defendant has the right during trial both to accept the services of counsel and to conduct his own defense. He argues that the judge committed error in refusing to defendant the right to make the final argument to the jury.

The defendant in a criminal trial has a constitutional right to be assisted and represented by counsel. He also has the constitutional right to defend himself providing that the trial judge shall find him competent to conduct his own defense. However, the language of our constitution cannot be interpreted to provide that the defendant can assert his right to be represented by counsel and at the same time actively conduct his own defense. The California Supreme Court under similar circumstances stated:

"As has been stated, despite the constitutional and statutory provisions that defendant has the right to appear and defend in person *and* with counsel, defendant is not entitled to have his case *presented* in court *both by himself and by counsel* acting at the same time or alternating at defendant's pleasure. (citations omitted) So long as defendant is represented by counsel at the trial, he has no right to be heard by himself . . . ." *People v. Mattson,* 51, Cal.2d 777, 789, 336 P.2d 937, 946.

In the present case, the defendant made no objection to representation by counsel during the presentation of evidence. The record reveals that counsel for the defendant diligently conducted the defense. The

defendant himself took the stand and told his story to the jury. We can find no error in the denial of the defendant's request to address the jury. *Eady v. State,* 284 Ala. 327, 224 So.2d 876; *State v. Blanchey,* 75 Wash.2d 926, 454 P.2d 841.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE KELLEY not participating.