## No. 25432

### The People of the State of Colorado v. Sidney A. Emeson
(500 P.2d 368)

Decided August 28, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert N. Miller,District Attorney, Robert E. Ray, Deputy, for plaintiff-appellant.

310

Alperstein, Plaut and Barnes, P.C., Arnold Alperstein, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The defendant-appellee, a county judge of Weld County, was found guilty by a jury of unlawfully altering or falsifying a public record, a felony. (C.R.S. 1963, 40-7-9).

The trial judge reserved ruling on the defendant's motion for judgment of acquittal at the close of all the evidence. After the verdict, this motion was denied by the trial judge. Thereafter, the defendant filed a motion for reconsideration, and upon hearing, the trial judge ruled that he had erred in not granting the defendant's motion for a judgment of acquittal at the close of all the evidence and that upon reconsideration, this motion for judgment of acquittal was granted.

On appeal, the district attorney, on behalf of the People, urges reversal of the trial court's ruling and an order from this court which would reinstate the defendant's conviction on the ground that the trial judge had no authority under Crim. P. 29 to order this judgment of acquittal.

Essentially, the district attorney argues that the jury's verdict of guilty was impregnable against a motion for a judgment of acquittal because the People's evidence was sufficient to establish each of the essential elements of the crime charged. Ancillary to this, the district attorney also claims that the trial judge's findings immediately preceding this ruling, stated, in effect, that although the elements of the crime as charged were all established, yet, despite this fact, he was granting the motion for judgment of acquittal.

██ We do not agree with either of these arguments by the district attorney. In our view, there was a deficiency in the evidence presented and that implicit in the trial judge's findings was a determination that the evidence was insuffi-

cient to convict the defendant. Our scrutiny of all the evidence presented reveals a valid basis for the trial judge's expressed belief that the jury's verdict could not stand. We therefore affirm.

The following is a statement of the salient facts pertinent to this case. The defendant, as a county judge, presided at a trial of a routine traffic offense. He found the traffic violator guilty as charged. That case was appealed to the district court. The testimony in that case and the proceedings were recorded by means of an electronic reporting device. A court clerk was assigned to transcribe the tape and prepare a rough draft of the transcription of the testimony and all other statements made during the course of the trial by participants, attorneys and the trial judge. A rough draft of this transcription was furnished to the defendant for his examination prior to putting the record into final form for certification to the district court on appeal.

Upon reviewing this rough draft, the defendant marked out several of his remarks, some of which were made by him during the course of a dialogue he had with the defense attorney in that case. Several of the remarks deleted by the defendant were injudicious and all were innocuous in their import. Their deletion subtracted nothing of any consequence from the transcript and in no conceivable way were the rights of the traffic offender or anyone else prejudiced. Several of the deleted remarks were somewhat critical of a ruling made by another judge in an adjoining judicial district. Another deleted remark dealt with the payment of a witness fee.

Crim. P. 36 provides for the correction of clerical mistakes and errors in a record. Also, it has long been recognized in case law that a judge may correct or amend a record so that it speaks the truth. *Bessemer Co. v. West Pueblo Company,* 65 Colo. 258, 176 P. 302 and *Breene v. Booth,* 6 Colo. App. 140, 40 P. 193. *See* also C.J.S. *Appeal and Error* § 891. Certain other perfunctory changes to correct grammar and to strike meaningless repetitions are also permissible. In our view, the defendant did go beyond the

bounds of these limitations. However, we are convinced that the facts here and the evidence presented fall far short of showing the criminal intent necessary for conviction. These deletions did not materially alter of falsify the official record of the trial court proceedings as proscribed by C.R.S. 1963, 40-7-9 and therefore, they cannot constitute a valid basis for conviction. This statute renders as criminal a wilful alteration or falsification with the intent to change the character, meaning or material substance of the record. Here, the record of the county court trial was in no way altered or falsified within the meaning of the statute.

It is elemental that a trial judge may never upset a guilty verdict for the sole reason that if he were the finder of fact, he would have ruled differently. If the evidence, although conflicting, supports the jury's verdict of guilty, the verdict must be upheld. However, no judicial obligation is more imperative than the accomplishment of justice in any particular case where the trial record, as here, does not reflect as an absolute that every evidentiary requirement for sustaining a guilty verdict was fulfilled.

When a trial judge detects a material deficiency in the evidence after a careful examination of it and expresses a strong and abiding belief, as he did in this case, that the jury's verdict of guilty could not stand, it becomes his responsibility to vacate the verdict.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY not participating.