## No. 25509

### The People of the State of Colorado v. Felipe Chavez
(511 P.2d 883)

Decided July 9, 1973.

218

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Alan N. Jensen, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

Felipe Chavez, defendant-appellant (hereinafter referred to as defendant), was charged in a two count information with (1) possession of a narcotic drug, namely, cannabis sativa L. (marijuana), C.R.S. 1963, 48-5-2, and (2) conspiracy to possess a narcotic drug, C.R.S. 1963, 40-7-35. The jury found him guilty of the first count and acquitted him on the second. From the judgment entered on the guilty verdict, the defendant has appealed to this court. We find no merit in the errors alleged and consequently affirm.

The trial court's denial of defendant's pretrial motion to suppress evidence found on defendant's person and in his car was approved by this court in *People v. Chavez*, 175 Colo. 25, 485 P.2d 708 (1971). C.A.R. 4.1(a) (Since amended to allow interlocutory appeals in criminal cases to be made only by the state.) Defendant again challenges the validity of the search of his car. This issue has been fully reviewed on the merits and finally decided by this court. Defendant is estopped from raising it again on this appeal.

The defendant contends that the People did not prove his guilt beyond a reasonable doubt; and thus, the trial court erred in denying his motion for judgment of

acquittal. The jury's verdict must be allowed to stand if supported by substantial evidence, and in ruling on a motion for judgment of acquittal, the court must view the evidence in the light most favorable to the People. *Southard v. People,* 174 Colo. 324, 483 P.2d 962 (1971); *Bennett v. People,* 155 Colo. 101, 392 P.2d 657 (1964).

■ At the time of defendant's arrest, one plastic bag containing marijuana was lying in plain view on the right front floor boards of defendant's automobile. Another plastic bag of marijuana was discovered under the front seat, and five more bags were later discovered in the trunk of the car. Marijuana debris was found in defendant's pockets during a search of his person at the police building. Possession of contraband may be established by showing that the offending item was discovered in a place that is under the dominion and control of the defendant. *Moore v. People,* 171 Colo. 338, 467 P.2d 50 (1970); *Petty v. People,* 167 Colo. 240, 447 P.2d 217 (1968).

■ Defendant next argues that it was an abuse of discretion for the trial court to refuse to sustain his objection to the qualification of the People's expert witness, Mr. James Shumate. The qualification of an expert is a matter within the sound discretion of the trial judge. *People v. Hankin,* 179 Colo. 70, 498 P.2d 1116; *Stork v. People,* 175 Colo. 324, 488 P.2d 76 (1971); *White v. People,* 175 Colo. 119, 486 P.2d 4 (1971). Mr. Shumate holds a Bachelor of Science degree in chemical engineering and had extensive experience with the Denver Police Department and the Colorado Bureau of Investigation in matters involving drug identification. It was within the trial court's sound discretion to allow Mr. Shumate to testify.

■ Defendant further asserts that the People did not prove beyond a reasonable doubt that the contraband was marijuana. The testimony of the People's expert witness identifying the substance as marijuana is sufficient to sustain the jury finding that the contraband was, in fact, marijuana. *Southard v. People, supra; Bennett v. People, supra.*

■ When the state introduces evidence on its case in chief from which the jury may properly infer the essential elements of the crime, the state has then made out a "prima facie" case impregnable against a motion for acquittal. *Ruark v. People,* 164 Colo. 257, 434 P.2d 124 (1967). *See also McClendon v. People,* 174 Colo. 7, 481 P.2d 715 (1971), and cases reviewed therein; *Moore v. People,* 171 Colo. 338, 467 P.2d 50 (1970).

The defendant predicates error on a ruling of the court which limited the scope of his cross-examination of the state's expert witness who testified that the substance found in defendant's possession was marijuana. Defendant argues that it was prejudicial error to refuse to permit defense counsel to pursue a line of questioning concerning color reaction tests for various metals. The record reveals a lengthy and intensive cross-examination of the state's expert witness in which defense counsel was allowed great latitude and demonstrated a high degree of sophistication in the natural sciences.

■ A reasonably full cross-examination of a witness upon the subjects of his examination in chief is the right, not the mere privilege, of a party against whom he is called; and as a rule, a denial of this right constitutes prejudicial error. However, after the right has been substantially and fairly exercised, further cross-examination becomes discretionary with the trial court. *Archina v. People,* 135 Colo. 8, 307 P.2d 1083 (1957). *Arnold v. United States,* 94 F.2d 499 (10th Cir. 1938). The record shows that counsel for defendant was given broad latitude in his cross-examination. We find no abuse of discretion by the trial court. *McCune v. People,* 179 Colo. 262, 499 P.2d 1184 (1972); *Simms v. People,* 174 Colo. 85, 482 P.2d 974 (1971).

■ Finally, defendant submits that it was error for the court to refuse to allow defense counsel to cross-examine Mr. Shumate about a purported short supply of marijuana in the United States. The court ruled that this line of questioning was not material to the issues in the

case. We agree.

We have examined the other assignment of error and find that it has no merit and does not require further treatment in this opinion.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES, and MR. JUSTICE ERICKSON concur.