No. 27900
No. 27947

**The People of the State of Colorado v. John James Montano**

(578 P.2d 1053)

Decided May 22, 1978.

---

Luis A. Lopez, District Attorney, Michael H. Argall, Assistant, for plaintiff-appellant.

No appearance entered for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The prosecution perfected this appeal pursuant to section 16-12-102, C.R.S. 1973. The defendant, John James Montano, has been in jeopardy, and, therefore, this appeal serves only to point out as a matter of law the impropriety and the error which occurred when the trial judge dismissed the prosecution's case. *See Krutka v. Spinuzzi,* 153 Colo. 115, 384 P.2d 928 (1963). We disapprove of the trial judge's grounds for granting a

judgment of acquittal and dismissing the prosecution's case.

The facts are not in dispute. John James Montano had a passing acquaintanceship with the victim and her late husband. The victim was a twenty-year-old widow who lived with her two children in a small community in southern Colorado. On April 23, 1977, the defendant came to her house on the pretext of buying some tire rims. When the victim came to the door, the defendant made an inquiry about tire rims and then forced his way inside her home. He then forcibly embraced the victim, and when she struggled, they both fell to the floor. He then began kissing the victim and told her that she needed a man. When she resisted, he forced his hands inside of her pants and into her vagina. The victim continued to resist and protest, and after a further struggle, the defendant left.

A few minutes later, he returned and broke open the victim's locked door, claiming that he had lost his hat. He then left, only to return again for the purpose of apologizing. When he returned for the last time, the victim had caused one of her in-laws to come to her house, and as a result, the defendant left immediately. The police were promptly notified, and the defendant was arrested and charged in a two-count information with second-degree sexual assault and second-degree burglary.

Therafter, a preliminary hearing was held, and the defendant was bound over for trial in the district court on both charges. Shortly before trial, the victim became concerned about the affect that the trial would have on her two boys, and she informed the district attorney and defense counsel that she did not want to proceed with the trial. On the morning the trial was to commence, defense counsel attempted to secure a dismissal because of the victim's reluctance to testify. The trial court conducted an *in camera* hearing and permitted defense counsel to interrogate the victim at length about her reluctance to proceed to trial. Thereafter, a jury was selected, and at the conclusion of the victim's testimony, the trial judge granted the defense motion for a judgment of acquittal on grounds which extend beyond the discretionary powers of the court. The trial judge, in granting the defense motion for a judgment of acquittal, said:

"I would point out that while there may have been a slight confrontation of some kind and perhaps a feeling-out by the defendant herein as to whether he could make some time with the victim — I won't say complaining witness because she is not — nevertheless, after a very short interlude and upon the request of the victim — and I really can't use that term — the defendant did leave. And I just do not find the proof that is necessary in this particular Statute. This is more like an attempted seduction than it is sexual assault, all be it a little bit rough, but that's the way things are sometimes. At least that's the way I remember it. It's been quite a while. . . ."

■ First, the trial judge can grant a judgment of acquittal at any stage of the proceeding. *Fong Foo v. United States,* 369 U.S. 141, 82

S.Ct. 671, 7 L.Ed.2d 629 (1962). However, the trial court has no power to grant a dismissal at the request of a complaining witness. *People v. Dennis,* 164 Colo. 163, 433 P.2d 339 (1967).

██ The law is well-established that in order to withstand a motion for a judgment of acquittal, the prosecution must present sufficient evidence to establish a prima facie case of guilt beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973); *Corbett v. People,* 153 Colo. 457, 387 P.2d 409 (1963). Once the prosecution establishes that the defendant committed acts from which the jury may properly infer the elements of the crime charged, a prima facie case exists which is impregnable against a motion for a judgment of acquittal. *People v. Chavez,* 182 Colo. 216, 511 P.2d 883 (1973); *Ruark v. People,* 164 Colo. 257, 434 P.2d 124 (1967).

██ When considering a motion for a judgment of acquittal, the trial judge must determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt. *People v. Bennett, supra; People v. Chavez, supra.* Trial judges, in passing on such motions, must be careful not to invade the province of the jury and must refrain from serving as a thirteenth juror. *People v. Bennett, supra.*

██ In this case, the prosecution established a prima facie case, and the issue of guilt or innocence should have been determined by the jury.

Accordingly, the dismissal by the trial court was error and is disapproved.

MR. CHIEF JUSTICE PRINGLE does not participate.