## No. 28118

## The People of the State of Colorado v. Charles Frank Noga

(586 P.2d 1002)

Decided November 27, 1978.

Luis A. Lopez, District Attorney, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

Pursuant to section 16-12-102, C.R.S. 1973, the People appeal a judgment of the District Court of Huerfano County granting a judgment of acquittal notwithstanding the verdict. We hold that the trial court was in error in granting such a judgment. Accordingly, we reverse the judgment below and remand to the trial court with directions to reinstate the jury verdict.

Following an altercation at the Rio Cuchara Country Club on May 29, 1977, the defendant Charles Frank Noga was charged with four crimes: felony assault with a deadly weapon, felony menacing, perpetrating a crime of violence, and impersonating a police officer. The defendant entered a plea of not guilty.

At the close of the prosecution's case-in-chief, the defendant moved for a judgment of acquittal, as provided for by Crim. P. 29. The court denied the motion, ruling that the prosecution had established a *prima facie* case. *People v. Montano,* 195 Colo. 420, 578 P.2d 1053 (1978); *People v. Martinez,* 191 Colo. 428, 553 P.2d 774 (1976); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973); *People v. Chavez,* 182 Colo. 216, 511 P.2d 883 (1973). The defendant then presented evidence to support his claim of self-defense, and at the close of all the evidence, renewed his motion for judgment of acquittal. This time the court reserved ruling on the motion and submitted the case to the jury. The jury returned a verdict of guilty as to felony menacing and impersonating a police officer; the defendant was acquitted of the other two charges.

The defendant subsequently moved for a new trial, or in the alternative for judgment of acquittal notwithstanding the verdict. After a hearing on these motions, the court granted the judgment of acquittal. The trial judge's order reads in part:
"The Court . . .

"FINDS that under the conditions and circumstances that confronted the Defendant, Defendant was justified in taking the action that he did; that his actions were taken to defend himself from what he could reasonably believe was the application, use and imminent use of further unlawful physical force against him by his attackers; that the doctrine of self-defense is applicable in this case *as a matter of law*." (Emphasis added.)

When a motion for judgment of acquittal is made at the close of the evidence or after the jury verdict, the correctness of the trial court's ruling is determined from the state of all the evidence. We have said that "no judicial obligation is more imperative than the accomplishment of justice," and that a court may set aside a verdict where it finds such a material deficiency in the evidence that a jury's verdict of guilty cannot be supported as a matter of law. *People v. Emeson,* 179 Colo. 308, 500 P.2d 368 (1972). However, the standard for upsetting a jury verdict is very strict. The trial judge may never invade the province of the jury. *People v. Bennett, supra.* Thus, if a determination of the defendant's guilt rests upon the credibility of witnesses or the weight to be accorded evidence, the case must be submitted to the jury, for these matters are solely within its province. *Roybal v. People,* 177 Colo. 144, 493 P.2d 9 (1972). And if the evidence, although conflicting, supports the jury's verdict of guilty, the verdict must be upheld. *People v. Emeson, supra*; *Bennett v. People,* 155 Colo. 101, 392 P.2d 657 (1964).

Upon reviewing this record, we believe that the jury's verdict in this case must be upheld. The evidence at trial was so conflicting that determination of the defendant's guilt depended entirely upon whose story was believed. The People presented four witnesses, all of whom testified that the defendant was the aggressor in the altercation which led to criminal charges being filed. The defendant then presented four witnesses, all of whom testified that the defendant was acting in self-defense. One rebuttal witness testified for the prosecution.

The jury apparently found the prosecution's witnesses to be more credible than the defendant's because it returned a verdict of guilty. There was competent evidence to support that verdict. In the face of the diametric conflict in the evidence between the prosecution's witnesses and the defendant's witnesses, the trial court's ruling that the defendant acted in self-defense could only be based upon his own belief that the defendant's witnesses were more credible than the prosecution's. Evaluating credibility of witnesses is *not* the judge's role in a jury trial. Self-defense was clearly not a question of law in this case, but one of fact. As such, the trial court's ruling invaded the province of the jury and cannot stand. "A trial judge may never upset a guilty verdict for the sole reason that if he were the finder of fact, he would have ruled differently." *People v. Emeson, supra.*

Judgment reversed.