The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Michael James BROWN, a/k/a Desperado, Defendant-Appellant.

No. 79CA0784.

Colorado Court of Appeals, Div. I.

Dec. 11, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., R. Michael Mullins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

R. Douglas Buckles, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Michael James Brown, appeals his convictions of second degree kidnapping and aggravated robbery. We affirm.

One James Shook was a hitchhiker who accepted a ride with Brown. Seated in the front seat of Brown's pickup between Brown and another, Shook became apprehensive about continuing the journey in their company and asked Brown to stop so that he could get out of the truck. Brown refused. Shook then tried to grab the wheel to pull the truck over, but did not succeed. Over Shook's protests, Brown turned off the highway and headed another direction over back roads. When Brown eventually stopped the truck all three men got out of the vehicle. Shook ran around to the back of the pickup where he met Brown and drew a gun, aimed at Shook, and threatened his life. Although Brown did not demand money, Shook threw him his wallet. Brown removed $120. Shook subsequently tried to get away by getting into a passing truck, but got out of that car when shots were fired and Brown blocked the road. Shook later managed to escape.

Brown contends that, because Shook voluntarily entered the truck, the prosecution failed to prove lack of consent, an essential element of second degree kidnapping. We disagree. To sustain a conviction of second degree kidnapping, the prosecution must establish that the victim was seized and transported without his consent, § 18–3–302(1), C.R.S. 1973 (1978 Repl. Vol. 8), but it is not necessary to show that the involuntariness exists from the beginning of the transaction if subsequently the victim is forcibly detained. *People v. Camden*, 16 Cal.3d 808, 129 Cal.Rptr. 438, 548 P.2d 1110 (1976).

Here, there was testimony that Shook was restrained from leaving the truck when it turned off the road in a direction contrary to his destination and his efforts to get away once the truck stopped were thwarted. From this evidence a jury could have inferred that the initial consent

had expired; therefore, denial of the motion for judgment of acquittal was proper. *People v. Montano*, 195 Colo. 420, 578 P.2d 1053 (1978).

 Brown also maintains that the prosecution failed to prove all elements of aggravated robbery. Section 18–4–301(1), C.R.S. 1973 (1978 Repl. Vol. 8). However, Shook's testimony, if credited by the jury, established that Brown took Shook's money under circumstances demonstrating a felonious taking by intimidation through use of a deadly weapon. *See People v. Goff*, 187 Colo. 103, 530 P.2d 514 (1974). Thus, the trial court did not err in refusing to grant the motion for judgment of acquittal on this charge. *People v. Montano, supra.*

Judgment affirmed.

COYTE and BERMAN, JJ., concur.