**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Dana L. STEERMAN, Defendant-Appellee.**

**No. 85SA109.**

Supreme Court of Colorado, En Banc.

April 20, 1987.

Dean J. Johnson, Dist. Atty., Roberta Jean Early, Stephen Strauss, Deputy Dist. Attys., Cortez, for plaintiff-appellant.

Mark R. Clyne, Durango, for defendant-appellee.

DUBOFSKY, Justice.

After a jury found the defendant, Dana L. Steerman, guilty of one count of issuing a check for more than $200 drawn on a bank account with insufficient funds (a "short check") in violation of section 18-5-205(2), 8B C.R.S. (1986),[1] the district court for Montezuma County granted a judgment of acquittal notwithstanding the verdict, reasoning that the defendant could not be convicted under the statute as a matter of law because she had not obtained a "thing of value" in exchange for the check. We reverse the judgment of acquittal because the defendant's issuance of a short check for payment of wages violated the clear language of section 18-5-205.[2]

## I.

The complaining witness, Duane Salisbury, worked three weeks for Busybody Janitorial, a cleaning business operated by the defendant. After he quit his job, Salisbury tried to claim his wages from the defendant on several occasions. On May 18, 1984, the defendant paid Salisbury with a check for $230, which Salisbury deposited in his checking account. About three weeks later, Salisbury was notified by his bank that his account was overdrawn because the defendant's check had been returned for insufficient funds. The defendant made no effort to honor the check she had issued to Salisbury.

The defendant had opened a checking account for her business with Centennial Savings Bank in Dolores, Colorado, on April 13, 1984. After an overdraft on the account on May 4, 1984, the bank manager telephoned the defendant, and the defendant deposited funds to cover the overdraft. The bank received the next check written on insufficient funds on May 9, 1984. The bank manager again called the defendant. On May 18, 1984, when the defendant issued the check for $230 to Salisbury, her account balance was $20.91. The defendant issued other checks during April and May that were returned for insufficient funds. On June 21, 1984, the bank closed the defendant's account because of the excessive number of overdrafts. From May 18, 1984, until the account was closed on June 21, 1984, the defendant's account never contained sufficient funds to pay the check issued to Salisbury.

The defendant was charged with violating section 18-5-205(2), 8B C.R.S. (1986), which provides:

> (2) Any person, knowing he has insufficient funds with the drawee, who, with intent to defraud, issues a check for the payment of services, wages, salary, commissions, labor, rent, money, property, or other thing of value, commits fraud by check.

After the jury returned a guilty verdict, the district court entered a judgment of acquittal notwithstanding the verdict. The court characterized the wages owed to Sal-

---

1. Effective July 1, 1985, the general assembly amended section 18-5-205(3)(b) and (c) to increase the amount necessary for fraud by check to be a class 4 felony from $200 to $300. Ch. 131, sec. 12, § 18-5-205(3)(b) and (c), 1984 Colo.Sess.Laws 535, 538.

2. The People appealed the district court's ruling to this court under section 16-12-102(1), 8A C.R.S. (1986), which allows the prosecution to appeal a trial court decision in a criminal case on a question of law.

isbury as a "past-due account," and determined that the defendant had not obtained anything of value from Salisbury in exchange for the short check; therefore, the defendant could not be guilty of issuing a short check with intent to defraud. The district judge described the case as "a civil matter."

## II.

■ A short check for the payment of wages, issued with intent to defraud, subjects the drawer to criminal prosecution. The district court ignored the reference in the statute to payment of wages; instead, it focused on a check for the payment of "other thing of value" and applied *Moore v. People,* 124 Colo. 197, 235 P.2d 798 (1951). The defendant in *Moore,* an attorney, collected overdue accounts for a client, a hotel proprietor, and subsequently issued a short check in payment of the amount collected. The *Moore* court characterized the money owed by the defendant to the client as a "past due account" and concluded that the issuing of a short check in settlement of a "past due account" did not constitute an offense under the short check statute.[3] *Id.,* 235 P.2d at 801. The short check statute involved in *Moore* did not include a requirement that the defendant have obtained a "thing of value" in exchange for a worthless check; the statute referred simply to "any check" and did not enumerate

the purposes for which a short check could be issued before it would constitute a criminal offense.

The general assembly enacted a new short check statute in 1957 to replace the one interpreted in *Moore.* Ch. 126, sec. 1, § 40–14–20, 1957 Colo.Sess.Laws 336.[4] *See People v. Vinnola,* 177 Colo. 405, 494 P.2d 826 (1972). The new statute enumerated the purposes for which issuance of a short check would subject the drawer to criminal prosecution. In effect, the statute overruled *Moore.*

The district court in the instant case concluded that *Moore* retained some vitality because of our decision in *People v. Abbott,* 638 P.2d 781 (Colo.1981). In *Abbott,* this court upheld the conviction of a defendant who was charged with fraud by check for issuing a short check for two months' past-due rental payments. The defendant argued that although his creditor's attorney thought the check was for rent, it actually represented a payment under a complex purchase and sale transaction between the creditor and the defendant. We determined that the settlement agreement, entered into after the creditor brought suit against the defendant because he had not made payments as required under the purchase and sale transaction, called for monthly payments under a "lease agreement" and that the memo portion of the

**3.** '35 C.S.A.c.48, § 313, in effect at the time *Moore v. People,* 124 Colo. 197, 235 P.2d 798 (1951), was decided, provided:

Any person who, with intent to defraud, shall make and deliver or draw and deliver or utter or give any check or draft upon any bank or banking association wherein such maker or drawer shall not have sufficient funds or credit for the payment of same, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not to exceed $500 or imprisoned in the county jail not to exceed six months, or shall suffer both such fine and imprisonment; and the fact that payment of such check when presented in the usual course of business, shall be refused by such bank or banking association for lack of sufficient funds to the credit of the drawer or maker with which to pay the same, shall be prima facie evidence of the fraudulent intent hereinabove mentioned.

**4.** Ch. 126, sec. 1, § 40–14–20, 1957 Colo.Sess. Laws 336, provided:

Any person, firm or corporation, who with intent to defraud or deceive, shall make or draw or utter or deliver any check, draft or order for the payment of money upon any bank, banking association or other depository wherein such maker or drawer shall not have sufficient funds or credit for the payment of the same, and thereby obtains from any person, firm or corporation, *any money, personal property or other valuable thing,* or who with the intent to defraud or deceive shall make or draw or utter or deliver any check, draft or order upon any bank, banking association or other depository wherein such maker or drawer shall not have sufficient funds or credit for the payment of the same for the *payment of services, wages, salary, labor or rent,* shall be guilty of a misdemeanor. . . .

(Emphasis added.) The general assembly adopted the current version of the fraudulent check statute in 1977. Ch. 229, sec. 1, § 18–5–205(2), 1977 Colo.Sess.Laws 979–980.

check at issue described the payment as being for "Rent Nov. 12–Jan. 12." We concluded that the summarized facts entitled the jury to consider whether the check was written for "rent." In dicta, we then noted that even had the prosecution failed to prove that the check was for rent, acquittal was not mandated because the statute encompassed, in addition to "rent," "other thing of value," and that the defendant's payment under the settlement agreement was for something of value.

■ After reviving *Moore* the district court determined that the "other thing of value" language in the statute did not apply when the defendant had obtained Salisbury's labor in advance of the issuance of the check. The statute, however, lists payment for "wages" and "other thing of value" in the disjunctive. Because the prosecution presented evidence sufficient for the jury to determine that the short check was issued for "wages," the district court erred in granting a judgment of acquittal notwithstanding the verdict.

The district court's judgment is reversed. We remand with directions to the district court to reinstate the jury's verdict. *See People v. Noga*, 196 Colo. 478, 586 P.2d 1002 (1978).