The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Crystal A. LUTZ, Defendant–Appellant.

No. 85CA1124.

Colorado Court of Appeals,
Div. I.

April 28, 1988.

Rehearing Denied May 19, 1988.

Certiorari Denied Oct. 11, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, Crystal Lutz, appeals the judgment of conviction of second degree assault and obstructing a peace officer. We reverse and remand for a new trial.

On December 30, 1984, defendant's landlord, upset over defendant's failure to pay her rent, summoned police to the building in which defendant resided. Officer O'Brien responded to the call, and, although the dispute concerned a civil matter without any allegation that defendant was guilty of criminal behavior, the officer agreed to speak with her.

Attired in uniform and identifiable as a police officer, he knocked on defendant's door. Defendant answered and inquired as to whether he had a search warrant. When he replied that he did not, defendant attempted to close the door to her apartment, but was prevented from doing so by Officer O'Brien jamming his nightstick between the door and the door frame. He and defendant then each pushed against opposite sides of the door. When defendant released her side of the door, Officer O'Brien fell into, or, at least, quickly entered, defendant's residence.

A struggle ensued during which the officer set off the distress button on his police radio. Shortly thereafter, several uniformed officers, including Officer Stepanski, entered defendant's apartment in response to the distress call. At some point in the episode, defendant struck Officer Stepanski over the head with a telephone.

Defendant was arrested and charged with two counts of second degree assault on a police officer under § 18–3–203, C.R.S. (1986 Repl.Vol. 8B). Count one was based on an alleged assault on Officer O'Brien, and count two was premised on the blow to Officer Stepanski. The jury convicted defendant of second degree assault upon Officer Stepanski and of the lesser included offense of obstructing a police officer insofar as Officer O'Brien was involved.

### I.

Defendant first claims that there was insufficient evidence that defendant had the specific intent to prevent Officer Stepanski from performing her lawful duty, as required by § 18–3–203(1)(c), C.R.S. (1986 Repl.Vol. 8B). We disagree.

■ The record reveals that defendant knew that Officer O'Brien had called for assistance, and when Officer Stepanski arrived, she was attired in her police uniform. Further, defendant had calmed down, and there was no fight in progress when Officer Stepanski entered the apartment. Viewing the evidence in the light most favorable to the People, this evidence is sufficient to support an inference that defendant acted with the requisite specific intent. *See People v. Montano*, 195 Colo. 420, 578 P.2d 1053 (1978).

### II.

Defendant next contends that the trial court erred in failing to give a requested jury instruction on the affirmative defense of defense of premises. We agree.

Section 18–1–705, C.R.S. (1986 Repl.Vol. 8B), provides that:

"A person in possession or control of any building ... is justified in using *reasonable and appropriate physical force* upon another person when and to the extent that it is *reasonably necessary to prevent or terminate* what he reasonably believes to be the commission or attempted commission of *an unlawful trespass* by the other person in or upon the building...." (emphasis supplied)

Under this statute, therefore, if defendant entertained a reasonable belief that either Officer O'Brien or Officer Stepanski was unlawfully trespassing upon her property, she had the right to use "reasonable and appropriate physical force to ... terminate" that trespass, *i.e.*, reasonable and appropriate force to eject them from the premises.

However, the trial court, relying upon *People v. Hess*, 687 P.2d 443 (Colo.1984), ruled that an individual is not privileged to use force against a police officer, unless the use of such force is in response to the officer's use of excessive force. Such reliance, in our view, was misplaced.

In *Hess*, the supreme court concluded that the provisions of § 18–8–103, C.R.S. (1986 Repl. Vol. 8B), which detail the elements of the crime of resisting arrest, have effectively abrogated a citizen's right forcibly to resist a police officer's attempted arrest, even if that arrest proves to be unlawful, unless the officer resorts to excessive or unreasonable force. However, defendant was not charged with that offense in this case.

This case is not concerned with the privilege to resist an illegal arrest. Rather, it pertains to the separate and independent privilege to resist an unlawful intrusion into the sanctuary of a private home. *See Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (Fourth Amendment prohibits police, even with probable cause for arrest, to make warrantless entry into home for that purpose).

■ The historical and traditional importance placed upon the privacy of one's home has caused the courts to distinguish between the privilege forcibly to resist an unlawful arrest attempted in some public place from the greater privilege to resist governmental intrusion into that home. *See State v. Gallagher*, 191 Conn. 433, 465 A.2d 323 (1983) (if there is an unlawful entry made to effectuate an unlawful arrest, "it is reasonable to view the govern-

mental intrusion as especially provocative and a defendant's resistance to entry and arrest as excusable and privileged"). Thus, a statute abrogating the right to resist an unlawful arrest is inapplicable where, as here, the forcible resistance involved is to prevent an unlawful entry. *See State v. Gallagher, supra.*

Section 18–1–705 is not, by its terms, inapplicable to unlawful entries where the trespassers happen to be police officers. While the People urge us to create such an exception, we decline to do so, considering the topic to be one for legislative, not judicial, action.

■ We cannot say, as a matter of law, either that defendant entertained a reasonable belief that either one or both of the officers were committing an unlawful trespass, or that the actions undertaken by her were designed only to prevent or to terminate that trespass, or that those actions were reasonable or appropriate for that purpose. We say only that defendant was entitled to a jury determination of those issues under an appropriate instruction.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and HUME, JJ., concur.