The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Brett A. WILLIAMS, Defendant–
Appellant.

No. 99CA0668.

Colorado Court of Appeals,
Div. V.

Nov. 24, 2000.

Certiorari Denied May 21, 2001.

and § 24–51–1105, C.R.S.2000.

Ken Salazar, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Susan L. Foreman, Boulder, CO, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Brett A. Williams, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of first degree assault. He also challenges the sentence imposed. We affirm.

According to the prosecution's evidence, defendant and three other men brutally assaulted the victim, a cab driver, in the parking lot of an apartment building. Subsequent to the attack, the cab driver died, and an autopsy revealed that his death was the result of blunt force trauma to his head and neck.

Defendant and another assailant were charged with first degree murder, and the two men were tried together. Defendant's theory of the case was that he was present during the attack, but did not participate. One of the other assailants testified against defendant after pleading guilty to second degree murder.

At the close of the evidence, the jury was instructed on first degree murder and the lesser-included offenses of second degree murder and manslaughter. As pertinent here, after the co-defendants requested lesser non-included instructions for second and third degree assault, the court ruled, over defendant's objection, that the jury should also be instructed on first degree assault.

The jury found defendant guilty of first degree assault, and he was sentenced to 20 years in the Department of Corrections (DOC). The co-defendant was found guilty of manslaughter, and sentenced to 12 years in DOC.

## I.

■ Defendant first contends that the trial court erred in instructing the jury on the lesser non-included offense of first degree assault. Specifically, defendant argues that his due process rights were violated because he did not receive proper notice that he was charged with the element of causing injury by means of a deadly weapon. We find no reversible error.

[2–4] Generally, a lesser non-included offense instruction may be given only if there is evidence to support it and the defendant requests it or consents to it. *See People v. Bielecki,* 964 P.2d 598 (Colo.App.1998). When such an instruction is requested, the information is thereby deemed to be amended to include that charge. *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974). However, the prosecution may also be entitled to an instruction on a lesser non-included offense if the defendant has proper notice of that offense. *See People v. Garcia,* 940 P.2d 357 (Colo.1997).

## A.

Here, the record indicates that defendant's counsel requested both second and third degree assault instructions. Indeed, defendant's counsel specifically stated at trial, "I would like the record to reflect that counsel for [defendant] submitted the lessers of second and third degree assault only." Additionally, both the discussions on the instructions and the trial court's ruling assume the second and third degree assault instructions were submitted on behalf of both defendants.

Defendant now suggests that certain statements made in post-conviction pleadings indicate defendant objected to the second degree assault instruction. Nevertheless, the contents of the trial transcripts are dispositive in resolving this issue. *See People v. Rodriguez,* 914 P.2d 230 (Colo.1996). Hence, we analyze the issue in the context of defendant's request for a lesser non-included instruction on second and third degree assault.

### B.

A conviction for both first degree and second degree assault requires that the defendant have caused injury to the victim by use of a deadly weapon. *See* §§ 18–3–202(1)(a) and 18–3–203(1)(b), C.R.S.2000. Even if we assume the information charging defendant with first degree murder was insufficient to give him notice of the deadly weapon element of first degree assault, we conclude that defendant effectively waived any deficiency in this regard.

The second degree assault instruction tendered by defendant properly included a deadly weapon element. *See* § 18–3–203(1)(b). The information was thus in effect amended to include that charge. *See People v. Skinner,* 825 P.2d 1045 (Colo.App.1991). Further, after the court ruled that giving the first degree assault instruction was proper if the second and third degree assault instructions were to be given, defendant did not withdraw his request for the lesser non-included offenses.

Under these circumstances, we agree with the trial court that defendant effectively waived the notice requirement and that, therefore, the instruction on first degree assault was properly given.

### II.

■ Defendant next contends that he is entitled to a new trial because the complicity instruction given by the trial court did not properly inform the jury of the elements of that theory of criminal responsibility. Specifically, defendant asserts that the jury was not properly instructed that a complicitor must share the mental state of the principal. We disagree.

■ Instructional error may result if the language of the instructions create a reasonable possibility that the jury could have been misled relative to reaching a verdict. *People v. Silva,* 987 P.2d 909 (Colo. App.1999). However, the trial court is given substantial discretion in formulating the instructions so long as they are correct statements of the law and fairly and adequately cover the issues presented. *See People v. Davis,* 935 P.2d 79 (Colo.App.1996).

Here, defendant's objection to the complicity instruction was not expressed until the jury submitted a question to the court asking if a person could be an accomplice after the offense was committed. Even if we assume that defendant's objection at this stage of the proceeding properly preserved the issues for review, we conclude that there was no reversible error in the instruction. *See People v. Rodriguez, supra; Lybarger v. People,* 807 P.2d 570 (Colo.1991).

■ Complicitor liability exists when the complicitor has the culpable mental state required for the underlying crime committed by the principal, and the complicitor intends that his conduct assist or promote the commission of the crime. *See Bogdanov v. People,* 941 P.2d 247 (Colo.1997), *as amended,* 955 P.2d 997 (Colo.1997).

In addition to giving the initial complicity instruction, the trial court responded to the jury's question by instructing the jury in relevant part that:

> One cannot become [a] complicitor in a crime after the crime is committed ... [A][c]omplicitor must intend the conduct have the effect of assisting or encouraging the principal or [sic] commit or planning the crime committed by the principal. A complicitor must associate or participate in it [sic] is something that he wishes to bring about and seek by his action to make him succeed. Please reread [the original complicity instruction] as well as all the instructions given.

It also appears from the record that the court added language to clarify further the necessary mental state. Specifically, the court stated, "I think what I'm going to add,

'complicitor must have that culpable mental state required by the definition of the principal's crime.'" There is nothing in the record before us to indicate that this language was not included in the supplemental instruction. Hence, in our view, the jury was properly instructed on the mental state required for conviction.

Nor do we find error in the trial court's decision not to give defendant's tendered instructions on this issue. *See People v. Davis, supra; People v. Hennion,* 923 P.2d 256 (Colo.App.1995)(trial court may refuse an instruction if instructions given adequately cover the subject of the refused instruction).

### III.

■ Defendant next asserts that the trial court's refusal to delete the "all or part of language" in the original complicity instruction constitutes reversible error because it improperly permitted defendant to be convicted of first degree assault even if he did not intend to assist in all the required elements of the offense. We are not persuaded.

As pertinent here, the initial complicity instruction given to the jury included the following elements:

Another person must have committed *all or part of the crime....*

The defendant must have had knowledge that the other person intended to commit *all or part of the crime.* (emphasis supplied)

Because the evidence does not suggest that the elements of the crime were divided among the assailants or that defendant was present for only part of the episode, we agree that inclusion of the "all or part of" language was unnecessary. *See Bogdanov v. People, supra.* However, even if another principal committed the offense and defendant was convicted as a complicitor, we conclude that any error in the instruction was harmless. *See People v. Rodriguez, supra.*

As noted, the complicity instructions specifically advised the jury that defendant must have shared the principal's culpable mental state, and that he must have intended his conduct to assist in the principal's crime. Thus, if the verdict was based on complicity, the jury must have necessarily found that defendant knew his companions intended to cause serious bodily injury, and that he intended his conduct to assist in causing that injury. *See People v. Osborne,* 973 P.2d 666 (Colo.App.1998). Thus, inclusion of the "all or part of" language was superfluous, and any error was harmless. *See People v. Rodriguez, supra.*

### IV.

■ Defendant next contends that the evidence was insufficient to support a conviction for first degree assault by the use of his hands or feet as deadly weapons. We disagree.

■ When reviewing the sufficiency of the evidence, we must determine whether the evidence, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988). If the prosecution presents evidence from which the trier of fact may properly infer the elements of the crime, the evidence is sufficient to sustain the conviction. *See People v. Montano,* 195 Colo. 420, 578 P.2d 1053 (1978).

Defendant concedes that there is sufficient evidence that at least two of the other assailants used their hands and feet as deadly weapons, and that blows by these assailants caused the victim's death. *See People v. Ross,* 831 P.2d 1310 (Colo.1992)(hands and feet may be used as a deadly weapon if used in a way capable of producing death or serious bodily injury).

Even if defendant did not inflict the more serious blows, our review of the record reveals substantial evidence from which a jury could infer that defendant acted as a complicitor and intended his conduct to assist the others in the commission of the crime. *See People v. Montano, supra.*

Indeed, it is undisputed that defendant was present throughout the entire assault. An eyewitness testified that the four men formed a tight circle around the victim while

the victim was face down on the ground and that at least two or three of the men kicked and stomped the victim. A man who witnessed the attack from the victim's cab testified that all four men struck the victim. Additionally, the assailant-witness testified that he and defendant struck blows to the victim's shoulder during the attack using force equal to that of the blows by the other two men, and that he and defendant stood by as another man repeatedly stomped on the victim's head.

To the extent that defendant relies upon affidavits by jurors submitted with his postconviction motion as support for allocating diminished responsibility for the crime to defendant, we note that because the affidavits were submitted in effect for purposes of impeaching the verdict, the documents may not be properly considered under CRE 606(b). *See Rome v. Gaffrey*, 654 P.2d 333 (Colo.App.1982).

## V.

### A.

Defendant next asserts that enhanced sentencing under § 16–11–309, C.R.S. 2000, was improper because the prosecution failed to meet the notice requirements of § 16–11–309(4), C.R.S.2000. We are not persuaded.

When a defendant is charged with an offense mandating sentencing under § 16–11–309, the crime is referred to as a per se crime of violence. *See People v. Banks*, 9 P.3d 1125 (Colo.2000). And, the prosecution is excused from pleading and proving a separate crime of violence under §§ 16–11–309(4) and 16–11–309(5), C.R.S.2000.

As the defendant notes, first degree murder, the crime charged in the information, is not a per se crime of violence. And, the prosecution did not separately plead a crime of violence in this case.

First degree assault, however, is a per se crime of violence. *See* § 18–3–202(2)(c), C.R.S.2000. And, because defendant tendered the instruction on second degree assault which is also a per se crime of violence, we conclude that defendant effectively waived any right to notice under § 16–11–309(4). *See* § 18–3–203(2)(c); *see also People v. Rivera, supra* (instruction tendered by defendant on a lesser non-included offense in effect amends the information).

### B.

Defendant also argues that even if the court properly sentenced him under § 16–11–309, it abused its discretion by sentencing him to a 20 year prison term. Again, we disagree.

A trial court has broad discretion in imposing a sentence because of its familiarity with the circumstances of the case. *People v. Fuller*, 791 P.2d 702 (Colo.1990). Therefore, we accord deference to the trial court's decision on sentencing absent circumstances not present here. *See People v. Blizzard*, 852 P.2d 418 (Colo.1993).

Specifically, defendant had a prior felony conviction, and demonstrated a substantial capacity for violence in the commission of first degree assault. The court noted both the brutality of this crime and actions taken by defendant after the assault that effectively prevented the victim from receiving any possible life-saving treatment.

Moreover, the sentence was within the permissible range of 10 to 32 years as prescribed by the General Assembly. *See* § 18–1–105(1)(a)(v)(A), § 18–1–105(9)(a)(I) and § 18–1–105(9.7), C.R.S.2000. Indeed, the court expressly considered defendant's youth as a reason for sentencing him to the midpoint of the possible range rather than to the maximum. Under these circumstances, we cannot say the trial court abused its discretion. Hence, we may not disturb its sentence. *See People v. Blizzard, supra*.

The judgment and sentence are affirmed.

Judge ROY and Judge NIETO concur.